**Joseph A. ABAD, et al., Appellants,**

v.

**ISCO, INC., Respondent.**

**No. C5–95–340.**

Court of Appeals of Minnesota.

July 25, 1995.

Leonard C. Jaques, Alan Kellman, Maritime Asbestosis Legal Clinic, a Div. of Jaques Admiralty Law Firm, P.C., Detroit, MI, Sholly Blustin, Mansfield & Tannick, Minneapolis, for appellants.

J. Thomas Vitt, William A. Dossett, Dorsey & Whitney, P.L.L.P., Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and RANDALL and HOLTAN,* JJ.

### OPINION

RANDALL, Judge.

Appellants challenge the trial court's grant of summary judgment to ISCO, Inc., (ISCO) a dissolved corporation, contending they had good cause under Minn.Stat. § 302A.7291 (1992) for delayed filing of their claims against ISCO. We reverse and remand for a hearing on whether appellants have good cause for filing a late claim against ISCO.

### FACTS

Appellants are merchant mariners who were exposed to asbestos during the course of their employment with ISCO's predecessor. Appellants now suffer from asbestos-related diseases. Although appellants filed federal lawsuits against ISCO for their injuries and did so before ISCO began dissolu-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

tion proceedings, most were unable to serve process on ISCO for reasons that are disputed.

1. Minn.Stat. 302A.727 provides:

Subdivision 1. **When permitted; how given.** When a notice of intent to dissolve has been filed with the secretary of state, the corporation may give notice of the filing to each creditor of and claimant against the corporation known or unknown, present or future, and contingent or noncontingent. If notice to creditors and claimants is given, it must be given by publishing the notice once each week for four successive weeks in a legal newspaper in the county or counties where the registered office and the principal executive office of the corporation are located and by giving written notice to known creditors and claimants pursuant to section 302A.011, subdivision 17.

Subd. 2. **Contents.** The notice to creditors and claimants shall contain:

(a) A statement that the corporation is in the process of dissolving;

(b) A statement that the corporation has filed with the secretary of state a notice of intent to dissolve;

(c) The date of filing the notice of intent to dissolve;

(d) The address of the office to which written claims against the corporation must be presented; and

(e) The date by which all the claims must be received, which shall be the later of 90 days after published notice or, with respect to a particular known creditor or claimant, 90 days after the date on which written notice was given to that creditor or claimant. Published notice is deemed given on the date of first publication for the purpose of determining this date.

Subd. 3. **Claims against corporations that give notice.** (a) A corporation that gives notice to creditors and claimants has 30 days from the receipt of each claim filed according to the procedures set forth by the corporation on or before the date set forth in the notice to accept or reject the claim by giving written notice to the person submitting it; a claim not expressly rejected in this manner is deemed accepted.

(b) A creditor or claimant to whom notice is given and whose claim is rejected by the corporation has 60 days from the date of rejection, 180 days from the date the corporation filed with the secretary of state the notice of intent to dissolve, or 90 days after the date on which notice was given to the creditor or claimant, whichever is longer, to pursue any other remedies with respect to the claim.

(c) A creditor or claimant to whom notice is given who fails to file a claim according to the procedures set forth by the corporation on or before the date set forth in the notice is barred from suing on that claim or otherwise realizing upon or enforcing it, except as provided in section 302A.781.

ISCO, formerly a Delaware corporation, availed itself of Minnesota's no-notice corporate dissolution statutes, Minn.Stat. §§ 302A.727;[1] 302A.7291 (1992),[2] by becom-

(d) A creditor or claimant whose claim is rejected by the corporation under paragraph (b) is barred from suing on that claim or otherwise realizing upon or enforcing it, if the creditor or claimant does not initiate legal, administrative, or arbitration proceedings with respect to the claim within the time provided in paragraph (b).

Subd. 4. **Articles of dissolution; when filed.** Articles of dissolution for a corporation that has given notice to creditors and claimants under this section must be filed with the secretary of state after:

(1) the 90–day period in subdivision 2, paragraph (e), has expired and the payment of claims of all creditors and claimants filing a claim within that period has been made or provided for; or

(2) the longest of the periods described in subdivision 3, paragraph (b), has expired and there are no pending legal, administrative, or arbitration proceedings by or against the corporation commenced within the time provided in subdivision 3, paragraph (b).

Subd. 5. **Contents of articles.** The articles of dissolution must state:

(1) the last date on which the notice was given and: (i) that the payment of all creditors and claimants filing a claim within the 90–day period in subdivision 2, paragraph (e), has been made or provided for; or (ii) the date on which the longest of the periods described in subdivision 3, paragraph (b), expired;

(2) that the remaining property, assets, and claims of the corporation have been distributed among its shareholders in accordance with section 302A.551, subdivision 4, or that adequate provision has been made for that distribution; and

(3) that there are no pending legal, administrative, or arbitration proceedings by or against the corporation commenced within the time provided in subdivision 3, paragraph (b), or that adequate provision has been made for the satisfaction of any judgment, order, or decree that may be entered against it in a pending proceeding.

2. Minn.Stat. 302A.7291 provides:

Subdivision 1. **Articles of dissolution; when filed.** Articles of dissolution for a corporation that has not given notice to creditors and claimants in the manner provided in section 302A.727 must be filed with the secretary of state after:

(1) the payment of claims of all known creditors and claimants has been made or provided for; or

(2) at least two years have elapsed from the date of filing the notice of intent to dissolve.

Subd. 2. **Contents of articles.** The articles of dissolution must state:

(1) if articles of dissolution are being filed pursuant to subdivision 1, clause (1), that all known debts, obligations, and liabilities of the corpora-

ing a Minnesota corporation in June 1990 and filing its notice of intent to dissolve the following month. ISCO did not dissolve under the statute providing for notice to creditors although this could have resulted in expedited dissolution proceedings. ISCO exercised its option to take advantage of Minnesota's "no-notice" dissolution. Two years after filing its notice of intent to dissolve, ISCO filed its articles of dissolution with the Minnesota Secretary of State. Within one year after the articles of dissolution were filed, appellants filed a complaint seeking to recover from ISCO for their injuries. Appellants claimed they had good cause for the delayed filings because they had no notice of ISCO's dissolution proceedings. The trial court granted ISCO's motion for summary judgment, finding that because the time had passed for filing claims, whether appellants knew of the dissolution filing or not was immaterial under the statute.

## ANALYSIS

A Minnesota corporation may dissolve with or without notice. Minn.Stat. §§ 302A.727, 302A.7291 (1992). When a corporation dissolves with notice, the process is expedited if outstanding claims are handled quickly, or there are no creditors. Minn.Stat. § 302A.727. Conversely, when a corporation dissolves without notice and does not pay claims of its creditors and claimants, a two year waiting period occurs in which claimants and creditors may file claims against the corporation. Minn.Stat. § 302A.7291, subd. 1. After that time, claimants and creditors are barred from making claims against the dissolved corporation unless, within one year

after articles of dissolution have been filed, they can show "good cause" for not having filed their claim earlier. Minn.Stat. § 302A.781, subd. 2 (1992).

ISCO argues that its failure to give notice to creditors/claimants of intent to dissolve cannot be grounds for "good cause" because the statute contemplates that no notice will be given. ISCO argues that if lack of notice were grounds for a finding of "good cause," the two year statute of limitations would be transformed into a three year statute limitations. We understand ISCO's argument, but we conclude the statute provides for two years for filing claims plus one year for attempts to prove "good cause". That is, claimants and creditors have an absolute right to file a claim against a dissolving corporation within two years after the corporation filed the notice of intent to dissolve. Minn.Stat. 302A.7291, subd. 3. Thereafter, claimants and creditors have an equitable right for one year to convince a court that they had "good cause" for not filing within the two year statutory period. Minn.Stat. 302A.781. The additional "good cause" year allows the trial court to view the evidence for equitable reasons why a claimant or creditor should be allowed to present a claim in the third year. The burden of proof is on the creditor/claimant to establish good cause. For instance, a claimant might have good cause where he or she was out of the country on business, in military service, or suffering from a severe disability, to name a few.

The law does not define "good cause." Therefore, it is a subjective inquiry, requiring the application of common sense and due

tion have been paid and discharged or that adequate provision has been made for payment or discharge;

(2) that the remaining property, assets, and claims of the corporation have been distributed among its shareholders in accordance with section 302A.551, subdivision 4, or that adequate provision has been made for that distribution; and

(3) that there are no pending legal, administrative, or arbitration proceedings by or against the corporation, or that adequate provision has been made for the satisfaction of any judgment, order, or decree that may be entered against it in a pending proceeding.

Subd. 3. **Claims against corporations that do not give notice.** (a) If the corporation has paid

or provided for all known creditors or claimants at the time articles of dissolution are filed, a creditor or claimant who does not file a claim or pursue a remedy in a legal, administrative, or arbitration proceeding within two years after the date of filing the notice of intent to dissolve is barred from suing on that claim or otherwise realizing upon or enforcing it.

(b) If the corporation has not paid or provided for all known creditors and claimants at the time articles of dissolution are filed, a person who does not file a claim or pursue a remedy in a legal, administrative, or arbitration proceeding within two years after the date of filing the notice of intent to dissolve is barred from suing on that claim or otherwise realizing upon or enforcing it, except as provided in section 302A.781.

process. ISCO argues that "good cause" cannot exist under these circumstances because appellants knew before the dissolution proceedings began that they had been injured. Although this fact does not help appellants' "good cause" argument, it is not fatal.

Appellants claim that "good cause" exists solely because they had, in good faith, no actual notice of ISCO's intent to dissolve. We disagree with appellant that lack of notice by itself is good cause. The inquiry is not that simple and lack of notice does not automatically create good cause or respondent would be right, the courts have turned a two-year statute for filing into a three-year statute. Rather, what is good cause is up to the discretion of the trial court. The trial court would be within its discretion in finding good cause to file a claim in the one-year window where the claimants did not have actual notice, coupled with proof by the claimants, that they had a good faith, non-negligent lack of notice. In deciding whether the claimants had a good faith lack of notice, the trial court should consider whether the claimants (1) genuinely had no notice of any kind; (2) had no reason to know of the dissolution; and (3) were not negligent in their lack of knowledge that dissolution proceedings were underway.

If the trial court is satisfied that appellants in good faith did not know of the corporate dissolution within the two years after ISCO filed its notice of intent to dissolve, then the trial court can consider that fact and any other relevant evidence in deciding whether appellants may be allowed to file a claim in the third year.

Because this case is remanded to the trial court for further proceedings to determine if "good cause" exists, we choose not to reach the issue of the constitutionality of Minn. Stat. §§ 302A.7291 and 302A.781.

ISCO moves this court to strike portions of appellants' brief and appendix, arguing that the material raises issues not a part of the trial court record. We understand ISCO's concerns but the motion is denied. We note none of the disputed material was relevant to the decision of this court.

## DECISION

Appellants are entitled to a hearing before the trial court to demonstrate whether they had "good cause" to file a late claim against ISCO. Appellants must show more than mere lack of notice to prove that "good cause" exists. They must show at a minimum that they had no notice of the dissolution, no reason to know of it, and were not negligent in their lack of knowledge that dissolution proceedings had commenced. This showing would open the door to trial court discretion to consider allowing a filing within the third year.

**Reversed and remanded.**