**Deana Lynn HAGEL, f/k/a Deana Frost, n/k/a Dena Cue–Frost, Plaintiff and Appellee,**

v.

**Jeff Lynn HAGEL, Defendant and Appellant.**

**Civ. No. 930172.**

Supreme Court of North Dakota.

Feb. 23, 1994.

Wheeler Wolf, Bismarck, for plaintiff and appellee; argued by William D. Schmidt.

Richard B. Baer (argued), Bismarck, for defendant and appellant.

MESCHKE, Justice.

Jeff Hagel appeals from an amended decree transferring custody of his three children to their mother, Dena Cue–Frost, formerly Deana Hagel. We affirm.

During their marriage, Dena and Jeff had three children: Joseph, Joshua, and Sarah. When they divorced in 1991, their stipulated decree awarded custody of the children to Jeff and gave Dena liberal visitation privileges. In October 1992, Jeff moved to increase Dena's child support. Dena cross-moved for a change of custody. The trial court found that "there has been a significant and material change in circumstances" that "adversely affect[s] the children." The court concluded it would be in the children's best interests to transfer custody to Dena. Jeff appeals.

Jeff disagrees with the trial court's finding that a significant and adverse change in cir-

cumstances had occurred. He argues that the court's findings do not comply with NDRCivP 52(a), and are clearly erroneous. He also claims that the court committed reversible error by admitting the hearsay testimony of a social worker who interviewed the children. Dena responds that the trial court's decision is supported by sufficient findings of fact based on admissible evidence. We agree.

Our review of modification decisions has recently been summarized:

> A trial court's decision to modify custody is a finding of fact subject to the clearly erroneous standard of review. *Blotske v. Leidholm,* 487 N.W.2d 607 (N.D.1992). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made.

*Johnson v. Schlotman,* 502 N.W.2d 831, 833 (N.D.1993). Sufficient evidence was presented to support the trial court's findings, and we are not convinced the court made a mistake in transferring custody to Dena.

■ A trial court must distinguish a motion to modify custody from an original custody decision. *Ludwig v. Burchill,* 481 N.W.2d 464, 465 (N.D.1992). A motion to modify custody requires a two-stage analysis. *Barstad v. Barstad,* 499 N.W.2d 584, 587 (N.D. 1993). The first stage is whether a significant change of circumstances has occurred since the original custody decree. *Id.* If the court finds that there has been a significant change, the second decisional stage is whether the change in circumstances so adversely affects the child that it compels or requires a change in custody in order to foster the child's best interests. *Johnson v. Schlotman,* 502 N.W.2d at 834; *Delzer v. Winn,* 491 N.W.2d 741, 743–44 (N.D.1992); *Blotske v. Leidholm,* 487 N.W.2d 607, 609 (N.D.1992). The parent seeking the change in custody has the burden of proof at both stages. *Id.*

■ The first conclusion the trial court must reach is that a significant change in circumstances has occurred. This require-

ment gives some finality to a trial court's original custody decision and helps ensure that a child is not bounced back and forth between parents "as the scales settle slightly toward first one parent and then the other." *Orke v. Olson,* 411 N.W.2d 97, 100 (N.D. 1987). As we wrote in *Wright v. Wright,* 463 N.W.2d 654, 655 (N.D.1990), changed circumstances are "new facts which were unknown to the moving party at the time the decree was entered."

The trial court found that significant changes had occurred since the divorce. The court found that the children had "deteriorated in their ... social development" while in Jeff's care, and now exhibit some "behavior disorders." The court characterized the two boys as "out of control and undisciplined," and was apprehensive that Sarah would develop the same characteristics. Dena has remarried and started her own day-care center. She can now give the children a stable home, something she could not do when she left Jeff and agreed that he should have original custody.

■ Jeff argues that these findings are not specific enough to comply with NDRCivP 52(a). Jeff correctly observes that little evidence was presented to the trial court on the condition of the children when he received primary physical custody. However, when the initial custody of the children is stipulated, so no record is developed, we cannot expect a trial judge to make elaborate findings of fact on the children's comparative conditions. Dena testified that the children "have regressed." This testimony was corroborated by Karen Mueller's observations of the boys' growing misbehavior during the months they received counseling from her. This evidence supports the court's findings, and we are not left with a firm conviction that they are erroneous.

■ Not every significant change justifies a transfer of custody. *Ludwig v. Burchill,* 481 N.W.2d at 469 (Levine, concurring specially). A redemption of the noncustodial parent "may be a significant change of circumstances, but that only begins the inquiry, and the conclusion that 'it would be better for [the children] to be with the other family' does not satisfactorily complete the inquiry."

*Orke v. Olson,* 411 N.W.2d at 100 (citation omitted). A trial court must also decide whether the change in circumstances is so adverse to the child's best interests that it compels a change in custody.

■ This type of best-interests analysis differs from an original custody decision, where the trial court simply applies the factors of NDCC 14–09–06.2. *Gould v. Miller,* 488 N.W.2d 42, 43 (N.D.1992). In deciding a motion to modify custody, the trial court's analysis of the child's best interests must go two steps further. First, as we said in *Barstad v. Barstad,* 499 N.W.2d at 587 (citation omitted), the court's application of these statutory factors must be "gauged against the backdrop of the stability of the child's relationship with the custodial parent," because that stability is the primary concern in a change of custody proceeding.

■ Second, after balancing the child's best interests and stability with the custodial parent, the trial court must conclude that a change in the status quo is *required. Blotske v. Leidholm,* 487 N.W.2d at 609. A child is presumed to be better off with the custodial parent, and close calls should be resolved in favor of continuing custody. *Delzer v. Winn,* 491 N.W.2d at 747 (Levine, specially concurring). Only when the reasons for transferring custody substantially outweigh the child's stability with the custodial parent should a change be made.

■ Here, the reasons for changing custody did outweigh the children's relationship with their custodial parent. Although Jeff had custody of the children for eighteen months, the court found that the children had failed to properly develop over that period. The boys also exhibited symptoms of behavioral disorders. The court blamed this general deterioration of the children on Jeff's inattention and inability to control them, and concluded that these changes adversely affected the children.

This case is similar to *Ebertz v. Ebertz,* 338 N.W.2d 651 (N.D.1983). In that case, the trial court found that the non-custodial parent's situation had greatly improved. This improvement was accompanied by a general decline in the condition of the children with the custodial parent over the same period. We affirmed the trial court's transfer of custody to promote the children's best interests.

The hearing in this case lasted three days, and the trial court heard the testimony of nineteen witnesses. Much of this testimony was conflicting. The trial court concluded after this meaningful inquiry into the children's condition that an adverse change had occurred, and that custody should be transferred to Dena. "[T]he trial court is in a better position to judge the demeanor and credibility of witnesses and weigh the evidence than we who have only the cold record to review." *Ludwig v. Burchill,* 481 N.W.2d at 469. Upon review of the entire record, we conclude the trial court properly found an adverse change requiring a transfer in custody to Dena.

■ Jeff also argues that the court based its findings and conclusions on inadmissible hearsay. At the hearing, Karen Mueller repeated statements made to her by the boys regarding possible abuse or misconduct at home. The trial court admitted these statements not for their truth, but "as to the fact that they were made." A trial judge is qualified to differentiate between sound and unsound evidence in deciding the case. *In Interest of M.M.S.,* 449 N.W.2d 574, 577 (N.D.1989). For that reason, "[r]eceipt of incompetent evidence in a nonjury trial is not error unless it adversely affects the decision." *Id.* Counsel for Jeff has not directed us to any of the trial court's findings that relied on the truthfulness of these statements. Therefore, any error in admitting this testimony was harmless.[1]

---

1. We assume, but do not decide in this case, that these statements were hearsay. On evidentiary use of out-of-court statements by a child victim of abuse, *see* NDRev 803(24); *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *U.S. v. Shaw,* 824 F.2d 601, 609 (8th Cir.1987) ("exceptional circumstance generally exists when a child abuse victim relates to an adult the details of the abusive events"). *See also* NDCC 31–04–04.1 on criteria for admission of videotaped statement of child sexual-offense victim as evidence. *See generally* McCormick on Evidence, § 324 (4th ed. 1992).

We conclude that the trial court correctly applied the two-stage analysis for custody modifications. The court's findings are sufficient and supported by admissible evidence. We affirm.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.