1997 ND 16

**Rakel FRAFJORD, Plaintiff
and Appellee,**

v.

**Timothy S. ELL, Defendant
and Appellant.**

**Civil No. 960097.**

Supreme Court of North Dakota.

Feb. 12, 1997.

Sherry Mills Moore (argued), of Foss & Moore, Bismarck, for plaintiff and appellee.

Deborah J. Carpenter (argued), of Carpenter Offices, Bismarck, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Timothy Ell [Ell] appeals from an order denying his motion for a new trial or for relief from the judgment under Rules 59 and 60, N.D.R.Civ.P. We affirm.

[¶ 2] Ell and Rakel Frafjord [Frafjord] have a son, Timothy Ell, Jr. [Timmy], born in 1991. Ell and Frafjord lived together after Timmy's birth, but never married. Ell and Frafjord separated in January 1993, executing a joint custody stipulation whereby they rotated custody of Timmy every three days. By 1994, they had increased the rotation to seven-day periods. In March 1994, Frafjord commenced this action asking the court to award custody to her with reasonable visitation for Ell. Ell answered and counterclaimed, seeking, alternatively, enforcement of the joint custody stipulation or an award of custody to him.

[¶ 3] After a 2½ day trial, the trial court issued its findings of fact, conclusions of law, and order for judgment granting joint legal custody to the parties. Frafjord received primary physical custody of Timmy from August 15 to June 15, with Ell receiving two three-day weekends each month. From June 15 to August 15 each year, Ell received primary custody and Frafjord gets three-day weekends. The court also made provisions for child support. Judgment was entered accordingly on January 2, 1996.

[¶ 4] Ell moved for a new trial or for relief from the judgment under Rules 59 and 60, N.D.R.Civ.P. Ell asserted the trial court had erred in failing to treat this as a modification of a prior custody order, requiring proof of a material change of circumstances, and alleged improper conduct by the trial court and opposing counsel, including bias, incivility, ex parte communications, and fraud. The trial court set a hearing on the ex parte communications issue, and denied the motion on all other grounds. Following the scheduled hearing, the court denied the motion on all grounds and Ell appealed.

[¶ 5] Ell has appealed only from the order denying relief under Rules 59 and 60, N.D.R.Civ.P., not from the judgment. A trial court's denial of a motion for a new trial or for relief from the judgment under Rules 59 and 60 is purely discretionary, and we will not disturb its decision on appeal unless there is an affirmative showing of a manifest abuse of discretion. *Grinaker v. Grinaker*, 553 N.W.2d 204, 207 (N.D.1996); *Kraft v. Kraft*, 366 N.W.2d 450, 453 (N.D.1985). An

abuse of discretion is never assumed; the burden is upon the party seeking relief to affirmatively establish it. *Grinaker*, 553 N.W.2d at 207. A trial court abuses its discretion only when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Grinaker*, 553 N.W.2d at 207.

[¶ 6] Ell argues the trial court erred in treating this as an original custody decision, rather than a modification of a prior custody order. Different standards apply to a modification of a prior custody decree than to an original custody determination:

"For an original custody determination, the trial court must determine only the best interests and welfare of the child. NDCC § 14–09–06.1.... Trial courts have substantial discretion in determining a child's best interests....

"For a change of custody determination, the trial court must engage in a two-step analysis.... First, the trial court determines whether a significant change of circumstances has occurred since the original custody decree.... If the court finds a significant change of circumstances, then it must decide whether that change so adversely affects the child that it compels or requires a change in custody to foster the child's best interests."

*Dalin v. Dalin*, 512 N.W.2d 685, 687 (N.D. 1994) (citations omitted); *see also Alvarez v. Carlson*, 524 N.W.2d 584, 588 (N.D.1994).

[¶ 7] Because there was no prior court order regarding custody, the trial court treated this as an original custody case.[1] Ell has not cited any case in which we have applied the two-stage modification analysis to a prior stipulation of custody which was not incorporated or approved in a judicial order or judgment. Rather, our cases applying the modification analysis typically refer to significant changes in circumstances since the prior custody decree. *See, e.g., Ludwig v. Burchill*, 514 N.W.2d 674, 675 (N.D.1994); *Dalin*, 512 N.W.2d at 687; *Hagel v. Hagel*, 512 N.W.2d 465, 467 (N.D.1994). The

"changed circumstances" required in a modification proceeding have been defined as "new facts which were unknown to the moving party at the time the decree was entered." *Hagel*, 512 N.W.2d at 467 (quoting *Wright v. Wright*, 463 N.W.2d 654, 655 (N.D. 1990)); *see also Alvarez*, 524 N.W.2d at 589; *Leppert v. Leppert*, 519 N.W.2d 287, 292 (N.D.1994). Our decisions clearly envision a prior judicial determination of custody before requiring a showing of changed circumstances.

[¶ 8] The policy bases underlying the changed circumstances requirement support the conclusion that no showing of changed circumstances is required when there has not been a prior judicial determination of custody. The requirement of showing changed circumstances is premised upon the finality generally accorded to prior judgments and orders of a court. *Alvarez*, 524 N.W.2d at 589; *Hagel*, 512 N.W.2d at 467. We explained in *Alvarez*, 524 N.W.2d at 589 (citation omitted):

"Although a trial court retains jurisdiction to modify custody, the prior custodial decree is entitled to a great deal of deference and is presumed to be correct. A motion to modify it is akin to a request for a new trial based upon newly discovered evidence that could not have been discovered and produced at trial.... As *Hagel*, 512 N.W.2d at 467 (quoting *Orke v. Olson*, 411 N.W.2d 97, 100 (N.D.1987)), expresses, the requirement that the noncustodial parent demonstrate a significant change of circumstances 'gives some finality to a trial court's original custody decision and helps ensure that a child is not bounced back and forth between parents "as the scales settle slightly toward first one parent and then the other." ' "

[¶ 9] Ell correctly points out there is a second policy basis for requiring changed circumstances: the desire for continuity and stability in the custodial relationship. *See, e.g., Alvarez*, 524 N.W.2d at 589–590; *Hagel*, 512 N.W.2d at 467–468. Ell asserts this factor is equally present when the parties

---

1. The court, as an alternative, went on to make findings of changed circumstances. Because we conclude this is not a modification case requiring a showing of changed circumstances, we do not address those findings.

seek modification of custody which is based upon a prior stipulation as when custody is based upon a prior judicial order or decree. Our cases, however, recognize the stability factor as a *"corollary* to the finality given prior decrees." *Alvarez,* 524 N.W.2d at 589 (emphasis added). When there has been a prior judicial determination of custody, a trial judge has reviewed the facts and determined custody based upon the best interests of the child at that time. *See* Section 14–09–06.1, N.D.C.C. However, where, as here, there has been no prior judicial involvement, the independent judicial analysis of the child's best interests and welfare is lacking. While we place great emphasis on continuing a custody arrangement contained in a prior judicial decree, we do not accord the same deference to an unapproved custody stipulation of the parties which may or may not be in the child's best interests. Unapproved stipulations by the parties do not carry the same presumption of finality and correctness as prior judicial orders, judgments, and decrees. *Cf. Boeddeker v. Reel,* 517 N.W.2d 407, 410–411 (N.D.1994) (trial court is not bound to accept a stipulation regarding custody if it is not in the children's best interests to do so); *Rueckert v. Rueckert,* 499 N.W.2d 863, 867–868 (N.D.1993) (court is not required to accept stipulations regarding custody and support of children); *Tiokasin v. Haas,* 370 N.W.2d 559, 562 (N.D.1985) (same). Accordingly, we conclude the trial court did not err in treating this as an original custody proceeding, without requiring a showing of a significant change in circumstances.

[¶ 10] Ell argues that, even if the court correctly treated this as an original custody proceeding, the court should have accorded greater weight to the parties' prior stipulation. Ell's argument ignores that, although his original pleadings sought the alternative remedy of enforcement of the stipulation, Ell had abandoned that position at the time of trial. In his pre-trial and post-trial briefs, Ell did not ask for enforcement of the split custody stipulation, but instead sought primary physical custody of Timmy. In his post-trial brief, Ell specifically proposed joint legal custody of Timmy, with Ell having primary physical custody. He proposed that Frafjord have visitation from June 15 to August 15 each year, and two three-day weekends each month the rest of the year. The court correctly characterized Frafjord's proposal as a "mirror image" of Ell's, but with Frafjord having primary physical custody during the school year and Ell having physical custody in the summer.

[¶ 11] The trial court was faced with each party asserting it was in Timmy's best interests to be in that parent's custody for the school year, with the other parent having custody in the summer. Neither party asked the court to enforce the 50–50 split custody arrangement they had stipulated to several years earlier. Under these circumstances, the trial court did not err by agreeing with the parties and awarding custody on a school year/summer schedule, rather than forcing a 50–50 split custody arrangement which neither party was urging at the time.

[¶ 12] Ell asserts the trial court abused its discretion in denying his motion for a new trial or for relief from the judgment based upon alleged misconduct by the court and opposing counsel. In support of his motion, Ell provided affidavits making vague, conclusory allegations indicating he and his attorney felt they had been treated unfairly, and drawing an unsupported conclusion that there had been improper ex parte communications between the judge and an independent custody evaluator in the case. Ell did not provide a transcript to support his allegations of irregularities and unfairness at trial, and he presented no evidence to support his serious allegations of misconduct by the court and opposing counsel.

[¶ 13] A party seeking relief from a judgment bears the heavy burden of establishing sufficient grounds for disturbing the finality of the judgment. *Bjorgen v. Kinsey,* 466 N.W.2d 553, 561 (N.D.1991); *First National Bank of Crosby v. Bjorgen,* 389 N.W.2d 789, 794 (N.D.1986). A party may not rely upon conclusory recitations of the grounds for relief, but must set forth specific details underlying the assertions. *See, e.g., Hatch v. Hatch,* 484 N.W.2d 283, 286 (N.D. 1992); *Fleck v. Fleck,* 337 N.W.2d 786, 790 (N.D.1983); *Gajewski v. Bratcher,* 240 N.W.2d 871, 889 (N.D.1976). In this case, Ell presented absolutely no evidence to sup-

port his conclusory allegations of misconduct. We conclude the trial court did not abuse its discretion in denying Ell's motion for a new trial or for relief from the judgment.

[¶ 14] Frafjord seeks an award of attorney's fees, alleging Ell's appeal is "specious." *See* Rule 38, N.D.R.App.P. We decline to award attorney's fees for the appeal.

[¶ 15] The order denying the motion for a new trial or for relief from the judgment is affirmed.

[¶ 16] MARING, MESCHKE, and SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring in result.

[¶ 17] I agree with the majority that the trial court was entitled to consider this matter as an original custody case. I also agree the two-step analysis, outlined and applied in our many cases such as *Johnson v. Schlotman*, 502 N.W.2d 831 (N.D.1993), involving a change in custody, is not necessary in an original custody proceeding.

[¶ 18] In so concluding the majority, perhaps inadvertently, appears to relegate "continuity and stability in the custodial relationship" to those cases in which a modification of an existing order is at issue.

[¶ 19] I write separately to emphasize that even in an original proceeding for custody, the best interests and welfare of the child are determined by factors which include the "length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity" and the "permanence, as a family unit, of the existing or proposed custodial home." N.D.C.C. § 14–09–06.2(1)(d), (e). *See, e.g., Dinius v. Dinius*, 448 N.W.2d 210 (N.D.1989); *Landsberger v. Landsberger*, 364 N.W.2d 918 (N.D.1985).

[¶ 20] I believe the trial court did consider these factors as well as the other pertinent factors relating to the best interests and welfare of a child in awarding custody.

[¶ 21] I concur in the majority opinion.