1997 ND 72

Ronald A. MOSBRUCKER,
Plaintiff and Appellee,

v.

Debra J. MOSBRUCKER, Defendant
and Appellant.

Civil No. 960329.

Supreme Court of North Dakota.

April 22, 1997.

Maury C. Thompson, Christensen & Thompson, Bismarck, for plaintiff and appellee.

Leslie Bakken Oliver (argued) & Monte L. Rogneby (on brief), Kapsner and Kapsner, Bismarck, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Debra Mosbrucker appealed from the trial court's order denying her motion to amend the divorce judgment. Debra contends the trial court erred when it found no significant change of circumstances. We reverse and remand.

[¶ 2] Ronald and Debra Mosbrucker were married in 1976. Following 18 years of marriage the couple decided to terminate the marriage and Ronald brought this action for divorce in September of 1994. The parties stipulated to a decree of divorce. The stipulation divided the couple's assets and determined the issue of custody for their, then, 14 year old daughter, Amanda. Under the stipulation of custody, the parties agreed to share joint legal and physical custody. It also provided Amanda was free to choose to live at either parent's residence. Because of Amanda's ability to choose her residence, and after taking account of their financial situations, Ronald and Debra agreed neither party would be obligated to pay child support to the other party.

[¶ 3] Amanda lived with Ronald for a little over a year. Tension arose when Ronald remarried and his new wife's family moved into his house. Amanda testified this arrangement made her uncomfortable and decided to move to Debra's home. Amanda then asked her mother to seek a custody modification so she could live there permanently.

[¶ 4] Debra made a motion to amend the divorce judgment based on the change of circumstances surrounding Amanda's custody. Debra also sought to establish a child support obligation for Ronald, including enforcement of an alleged oral promise, from Ronald, to pay for all of Amanda's college expenses in exchange for Debra's waiver of any right she may have to his pension.[1] The trial court found there was not a significant change of circumstances and denied the motion.

[¶ 5] A trial court's decision to modify custody is a finding of fact subject to the "clearly erroneous" standard of review. *Johnson v. Schlotman*, 502 N.W.2d 831, 833 (N.D.1993). A finding of fact is clearly erroneous if there is no evidence to support it, if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law. *In re Estate of Dittus*, 497 N.W.2d 415, 418 (N.D.1993); Rule 52(a), N.D.R.Civ.P.

[¶ 6] A court's analysis in considering whether to modify custody differs from its analysis when awarding original custody. *Delzer v. Winn*, 491 N.W.2d 741, 743 (N.D. 1992). For a determination of an original custody award, only the best interests of the child are considered. N.D.C.C. § 14–09–06.1; *Ternes v. Ternes*, 555 N.W.2d 355, 357 (N.D.1996). But, when a party is seeking to modify a custody arrangement, a court applies a two step process. *Hagel v. Hagel*, 512 N.W.2d 465, 467 (N.D.1994). A trial court must determine: 1) Whether there has been a significant change of circumstances following the divorce and custody determination, and; 2) whether the changes of circumstances effect the child in such an adverse way that it compels or requires a change in the existing custody arrangement to further the best interests of the child. *Id.* at 467; *Schlotman*, 502 N.W.2d at 834; *Delzer*, 491 N.W.2d at 743; *Blotske v. Leidholm*, 487

---

1. Debra did not appeal the issue of Ronald's alleged promise to pay for Amanda's college education. Thus, we do not consider it.

N.W.2d 607, 609 (N.D.1992). The burden of proving these two elements is on the moving party. *Hagel*, 512 N.W.2d at 467. Not every change in circumstances will amount to a "significant change" warranting a change or modification of custody. *Ludwig v. Burchill*, 481 N.W.2d 464, 469 (N.D.1992) (Levine, J., concurring specially).

[¶ 7] Initially, the parties agreed to the custody arrangement for Amanda. Their stipulation, as to custody, provided, in part:

"The parties agree that they are both fit and proper parents to have custody of their minor child, Amanda, and that it is in the best interest of their child that the parent shall have joint legal custody. By 'joint legal custody' is meant shared responsibility for all major decisions concerning the upbringing, education, medical care, dental care, spiritual care, and all matters concerning the general welfare of the child. . . ."

* * *

"The child is free to live at either one of the parent's residences subject to the parent's work schedule. . . ."

The stipulation, in detail, discussed various aspects of how the parties agreed to raise the child and the communication that would be required to achieve these goals.

[¶ 8] The trial court, after reviewing the parties stipulation, found no significant change of circumstances, stating,

"[t]he parties previously agreed to a joint custody situation. The child was to decide where she would live for what period of time. . . . This is the situation the parties agreed to and the Court finds there has been no material change of circumstances to warrant placement of sole custody with either parent."

[¶ 9] Despite Amanda's unhappiness living with Ronald, the trial court did not find Ronald's remarriage amounted to a changed circumstance, stating, "[t]he child may be unhappy, but some decisions are made by parents even against the wishes of the child, and that also is not a changed circumstance." Debra contends the trial court erred in its findings, arguing Ronald's remarriage and

Amanda's unwillingness to live with his new wife has created a changed circumstance.

[¶ 10] The remarriage of one parent may create a significant change in circumstances. *See Schlotman*, 502 N.W.2d at 834. Amanda stated her grades slipped and she was unable to sleep after Ronald's remarriage and the introduction of his new wife into his home. This testimony is uncontradicted. Significantly, Amanda asked Debra to bring this motion. A mature child's preference should be considered by the trial court as a change in circumstances if there are persuasive reasons for that preference, persuasive enough to result in a change in custody. *Alvarez v. Carlson*, 524 N.W.2d 584, 592 (N.D.1994) (VandeWalle, C.J., concurring in result.) *Barstad v. Barstad*, 499 N.W.2d 584, 589 (N.D.1993) (VandeWalle, C.J., dissenting); *Novak v. Novak*, 441 N.W.2d 656, 658 (N.D.1989) (VandeWalle, J., concurring specially). It is apparent from the record a significant change of circumstances has occurred and the finding there was no significant change of circumstances is clearly erroneous.

[¶ 11] Next, we consider whether the change in circumstances required a change in the custody arrangement. Amanda testified she felt uncomfortable living at Ronald's home and told Debra she would rather live with her. In determining the child's best interests, the preference of the child is a factor the trial court should consider, *Sumra v. Sumra*, 1997 ND 62, ¶ 14, 561 N.W.2d 290; *Alvarez; Barstad; Novak*, although it is not the only factor. The preference of a mature child may be particularly significant. *Novak*, (VandeWalle, J., concurring specially).

[¶ 12] We believe it is in Amanda's best interest to change the original custody arrangement and place sole physical custody of Amanda with Debra. Amanda testified, following the move to Debra's home, she raised her grades and feels more comfortable living with Debra. Although the parties originally agreed to share custody of Amanda in an effort to facilitate Amanda's desires to move between each parent's home, the circumstances in which the agreement were made have changed. Because the trial court only

concluded there was no change in circumstances, we ordinarily would remand to consider whether or not Amanda's best interests would be served by the modification of the order. But, our conclusion a significant change of circumstances occurred, is also dispositive of the best-interests issue in this instance. *Alvarez v. Carlson*, (VandeWalle, C.J., concurring specially) (mature child's preference affects child's best interests as well as determining whether or not a change of circumstances occurred). Amanda's best interests will be better served if the original custody agreement is modified to provide Debra with sole physical custody.

[¶ 13] Because we believe a change in the custody arrangement is required, we next consider the issue of child support. We will affirm a trial court's finding of child support provided it is not clearly erroneous. *Linrud v. Linrud*, 552 N.W.2d 342, 346 (N.D.1996). Ronald and Debra agreed to share legal and physical custody, so no child support was stipulated at the time of the divorce. However, because we remand to the trial court for the purpose of entering an order granting sole physical custody to Debra, it is necessary to award child support as well. A parent has a duty to support their children. *Nelson v. Nelson*, 547 N.W.2d 741, 746 (N.D.1996). Ronald is required to provide child support to assist in Amanda's upbringing. N.D.C.C. § 14–09–08.

[¶ 14] We reverse the trial court's order denying a change of custody and remand to the trial court to enter an order granting physical and legal custody to Debra and requiring Ronald pay an amount of child support in accord with the evidence and the child support guidelines. N.D.A.C. Ch. 75–02–04.1.

[¶ 15] SANDSTROM, MESCHKE, and MARING, JJ., concur.

NEUMANN, Justice, concurring and dissenting.

[¶ 16] I agree the trial court's finding of no changed circumstances was clearly erroneous. However, having made that determination, the majority then goes on to find as a matter of fact, upon an equivocal record, that the changed circumstances require a change of custody.

[¶ 17] Rule 52(a), N.D.R.Civ.P., contemplates that trial courts, not appellate courts, find facts. *See Park View Manor v. Housing Authority, Etc.*, 287 N.W.2d 83, 86 (N.D. 1979).

" 'The entire responsibility for deciding doubtful fact questions in a nonjury case should be, and we think it is, that of the district court. The existence of any doubt as to whether the trial court or this Court is the ultimate trier of fact issues in nonjury cases is, we think, detrimental to the orderly administration of justice, impairs the confidence of litigants and the public in the decisions of the district courts, and multiplies the number of appeals in such cases.' " *Matter of Estate of Koch*, 259 N.W.2d 655, 665 (N.D.1977) (Pederson, J., concurring specially) (citing *Pendergrass v. New York Life Ins. Co.*, 181 F.2d 136, 138 (8th Cir.1950)).

[¶ 18] Although I do not disagree with the result reached by the majority, in order to preserve the proper roles of trial and appellate courts, I would reverse on the clear error of finding no changed circumstances, and remand for the trial court to consider whether the changed circumstances require a change of custody.

[¶ 19] William A. Neumann