1997 ND 173

Don JONES and Ernest H. Miessel,
Plaintiffs and Appellees,

v.

BILLINGS COUNTY SCHOOL
DISTRICT # 1, Defendant
and Appellant.

Civil No. 970028.

Supreme Court of North Dakota.

Sept. 8, 1997.

Glen R. Bruhschwein, of Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for plaintiffs and appellees.

Vince H. Ficek, of Ficek & Buresh, P.C., Dickinson, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Billings County School District # 1 appealed from a summary judgment declaring that Don Jones and Ernest Miessel have no personal liability for their dissolved corporation's alleged negligence in constructing a school building. We conclude that, if the District prevails in its action against the dissolved corporation, Jones and Miessel are liable to the extent of the value of corporate assets distributed to them. Accordingly, we reverse and remand for entry of judgment consistent with this opinion.

[¶ 2] Jones and Miessel were the shareholders of F & J Construction, Inc. [F & J]. F & J contracted with the District to build a school, which was completed in 1988. In 1991, problems with the roof developed. Over the next several years, F & J worked with the District, the architect, and the roof manufacturer attempting to alleviate the problems.

[¶ 3] On April 28, 1993, F & J's Statement of Intent to Dissolve by Consent of Shareholders was filed with the Secretary of State. Jones continued working with the District on the roof problem, but the District was not given notice of F & J's impending dissolution. On February 4, 1994, Articles of Dissolution were filed with the Secretary of State. The remaining assets of the corporation were distributed to Jones and Miessel.

[¶ 4] On February 16, 1995, the District served a summons and complaint seeking damages for the roof against the roof manufacturer, the architects, and F & J. F & J's insurer initially provided a defense, but subsequently denied coverage and withdrew its defense. Jones and Miessel, the dissolved corporation's shareholders, then brought this declaratory judgment action seeking a declaration that they have no personal liability to the District. On cross-motions for summary judgment, the district court concluded Jones and Miessel have no liability to the District as a matter of law. The District appealed.

[¶ 5] Resolution of the issues in this case requires we carefully analyze the dissolution statutes in the Business Corporation Act, N.D.C.C. Ch. 10–19.1. Our statutes provide two alternative methods for voluntary dissolution of a corporation. N.D.C.C. § 10–19.1–110 governs dissolution when the corporation gives notice to creditors and claimants. Under Section 10–19.1–110(2)(e), creditors have ninety days after notice to file claims against the corporation. The corporation may file articles of dissolution after all claims are resolved. *See* N.D.C.C. § 10–19.1–110(4).

[¶ 6] If a corporation chooses not to give notice of dissolution under Section 10–19.1–110, dissolution is governed by N.D.C.C. § 10–19.1–110.1. Subsection 1 of that statute provides:

"1. Articles of dissolution for a corporation that has not given notice to creditors and claimants in the manner provided in section 10–19.1–110 must be filed with the secretary of state after:

"a. The payment of claims of all known creditors and claimants has been made or provided for; or

"b. At least two years have elapsed from the date of filing the notice of intent to dissolve."

Jones and Miessel assert F & J dissolved under Section 10–19.1–110.1(1)(a), by providing for all known creditors prior to filing its articles of dissolution on February 4, 1994. They therefore assert F & J ceased to exist on that date.

[¶ 7] Section 10–19.1–110.1(3)(a), however, is the statutory provision governing barring of claims of creditors in this situation:

"3. With respect to claims against corporations that do not give notice:

"a. If a corporation has paid or provided for all known creditors or claimants at the time articles of dissolution are filed, a creditor or claimant who does not file a claim or pursue a remedy, in a legal, administrative, or arbitration proceeding within two years after the date of filing the notice of intent to dissolve is barred from suing on that claim or otherwise realizing upon or enforcing it."

[¶ 8] The fact situation in this case raises an interesting anomaly in the statutory scheme. The District brought its claim against F & J after the articles of dissolution

had been filed, but within two years after the filing of the notice of intent to dissolve. Thus, under the unambiguous language of subsection (3)(a), the District's claim against F & J is not barred, because it was brought within two years of the filing of the notice of intent to dissolve. Under the equally clear language of subsection (1)(a), however, F & J was entitled to file its articles of dissolution on February 4, 1994, thereby effectively dissolving the corporation.

[¶ 9] The dissolution of the corporation does not resolve the question whether the District may proceed with its claim. Although it may appear incongruous to allow claims against a dissolved corporation, our statutory scheme suggests that the Legislature envisioned such claims may be appropriate in some instances. For example, N.D.C.C. § 10–19.1–129(4) provides for service of process upon a dissolved corporation, and N.D.C.C. § 10–19.1–125 allows former officers, directors, or shareholders to assert or defend, in the name of the corporation, any claim by or against a dissolved corporation.

[¶ 10] Many states allow suits against dissolved corporations by statutory provisions. *See* 19 Am.Jur.2d *Corporations* § 2896 (1986). Minnesota, from which our statutory provisions were adopted (*see* January 25, 1993, Minutes of Senate Judiciary Committee Hearing on S.B. 2223, testimony of Jon E. Strinden), recognizes, for example, that actions may be allowed against administratively dissolved corporations. *See Lyman Lumber Co. v. Favorite Construction Co.,* 524 N.W.2d 484 (Minn.Ct.App.1994). In construing Section 302A.7291(3), Minn.Stat.Ann., from which our Section 10–19.1–110.1(3) was derived, the Minnesota Court of Appeals concluded "claimants and creditors have an absolute right to file a claim against a dissolving corporation within two years after the corporation filed the notice of intent to dissolve." [1] *Abad v. ISCO, Inc.,* 534 N.W.2d 728, 730 (Minn.Ct.App.), *rev'd on other grounds,* 537 N.W.2d 620 (Minn.1995).

[¶ 11] The statutory provisions in this case are clear and unambiguous. Subsection (3)(a) of N.D.C.C. § 10–19.1–110.1 gives claimants two years after the filing of the notice of intent to dissolve to bring claims against the corporation, even though subsection (1)(a) of the statute allows articles of dissolution to be filed within that two-year period. When the wording of a statute is clear and free of ambiguity, we are bound by the letter of the statute. N.D.C.C. § 1–02–05; *Adams County Record v. Greater North Dakota Ass'n,* 529 N.W.2d 830 (N.D.1995).

[¶ 12] Were we to agree with Jones and Miessel that claims may not be asserted against the corporation after the articles of dissolution have been filed, Section 10–19.1–110.1(3)(a) would effectively be nullified. The allowance of two years to pursue claims against the corporation is meaningless if the shareholders can cut off that right by dissolving the corporation without notice to potential claimants. We construe statutes as a whole to determine legislative intent, and provisions must be harmonized, if at all possible, to give full force and effect to every provision. *In re Estate of Opatz,* 554 N.W.2d 813 (N.D.1996). We are bound to give meaning and effect to every word, phrase, and sentence. *First State Bank v. Moen Enterprises,* 529 N.W.2d 887 (N.D.1995); N.D.C.C. § 1–02–38(2).

[¶ 13] Having determined the District's claim against F & J is not barred, we turn to the question of remedies. In this declaratory judgment action, Jones and Miessel assert they have no personal liability to the District for any actions by F & J. They rely upon N.D.C.C. § 10–19.1–124, which provides in pertinent part:

"*10–19.1–124. Claims barred—Exceptions.*

"1. Except as provided in this section, a creditor or claimant whose claims are barred under section 10–19.1–110, 10–19.1–110.1, or 10–19.1–119 includes a person who is or becomes

---

**1.** The court used the term "dissolving" because the corporation did not pay claims of all known creditors under the Minnesota statute comparable to Section 10–19.1–110.1(1)(a) and did not immediately file articles of dissolution; rather, the corporation waited until two years had elapsed from the date of filing the notice of intent to dissolve to file the articles of dissolution. The statute barring claims, Section 10–19.1–110.1(3)(a), makes no distinction as to those corporations which have paid all known claims and those which have not for the purpose of bringing an action within the two-year period following the filing of the notice of intent to dissolve.

a creditor or claimant at any time before, during, or following the conclusion of dissolution proceedings, and all those claiming through or under the creditor or claimant.

"2. At any time within one year after articles of dissolution have been filed with the secretary of state, or a decree of dissolution has been entered, a creditor or claimant who shows good cause for not having previously filed the claim may apply to a court in this state to allow a claim:

"a. Against the corporation to the extent of undistributed assets; or

"b. If the undistributed assets are not sufficient to satisfy the claim, against a shareholder, whose liability is limited to a portion of the claim that is equal to the portion of the distributions to shareholders in liquidation or dissolution received by the shareholder, but in no event may a shareholder's liability exceed the amount which that shareholder actually received in the dissolution."

Jones and Miessel argue that, because the District's summons and complaint were served more than one year after the articles of dissolution were filed, they cannot be held personally liable and the assets distributed to them cannot be reached.

[¶ 14] We construe the statute to apply only to claims which are otherwise barred under other statutory provisions. In construing Section 302A.781(2), Minn.Stat.Ann., from which our Section 10–19.1–124(2) was derived, the Minnesota Court of Appeals concluded the statute allows a creditor or claimant "whose claims have been barred" to apply to a court for additional time to file a claim within one year after the articles of dissolution have been filed. *Lyman Lumber*, 524 N.W.2d at 487. We do not construe our statute to bar a claim against shareholders for assets distributed in dissolution prior to enforcement of a valid third-party claim under Section 10–19.1–110.1(3)(a).

[¶ 15] Were we to construe the statutory scheme to allow claims against the corporation within the relevant two-year period, but hold that assets distributed to shareholders upon dissolution were beyond the reach of such claimants after one year, we would effectively be construing the statute to create a right without a remedy. Generally, there is a legal remedy for every statutory wrong. *See* N.D.C.C. § 31–11–05(14). We do not believe it was the legislature's intent to grant creditors two years to enforce claims, but allow that right to be thwarted by quick dissolution of the corporation and distribution of its assets without recourse against those assets.

[¶ 16] We believe the appropriate remedy in this situation is to impose an implied trust upon the corporate assets distributed to the shareholders. Under the well-developed common law "trust fund" theory, when the assets of a dissolved corporation are distributed to shareholders, a creditor may pursue the assets on the theory that in equity they are burdened with a lien in the creditor's favor. *See, e.g., Solomon v. Greenblatt*, 812 S.W.2d 7 (Tex.App.1991); Audrey J. Anderson, Note, *Corporate Life After Death: CERCLA Preemption of State Corporate Dissolution Law*, 88 Mich.L.Rev. 131 (1989). The trust fund doctrine was developed to protect creditors of dissolved corporations who were otherwise without a remedy. *In re Bowers–Siemon Chemicals Co.*, 139 B.R. 436 (Bankr.N.D.Ill.1992).

[¶ 17] The doctrine has been summarized:

"Under the trust fund doctrine the assets of a dissolved corporation are a trust fund against which the corporate creditors have a claim superior to that of the stockholders, and creditors have the right to follow such assets into the hands of stockholders who hold assets as though the stockholders were trustees. A stockholder of a dissolved corporation receiving assets of a dissolved corporation is liable to respond to a creditor of the corporation only to the extent of the assets so received or the value thereof if the same have been disposed of by the stockholder."

*Carson v. Davidson*, 248 Kan. 543, 808 P.2d 1377, 1381–1382 (1991).

[¶ 18] The doctrine has been widely recognized. *See, e.g., In re Amdura Corp.*, 75 F.3d 1447 (10th Cir.1996); *United States v.*

*Van Diviner,* 822 F.2d 960 (10th Cir.1987) (applying federal common law); *Drew v. United States,* 177 Ct.Cl. 458, 367 F.2d 828 (1966) (applying Arizona law); *Dubowy v. Baier,* 856 F.Supp. 1491 (D.Kan.1994) (applying Kansas law); *Ward Parkway Shops v.C.S.W. Consultants, Inc.,* 542 S.W.2d 308 (Mo.Ct.App.1976); *Henry I. Siegel Co. v. Holliday,* 663 S.W.2d 824 (Tex.1984); 19 Am. Jur.2d *Corporations* § 2714 (1986).

[¶ 19] Under Section 10–19.1–110.1 as we have construed it, this is the appropriate remedy in this case, where the corporation filed articles of dissolution and distributed all of its assets before the time for claims against it had expired under N.D.C.C. § 10–19.1–110.1(3)(a). Under these circumstances, Jones and Miessel took the assets subject to a constructive trust in favor of the corporation's claimants and creditors. *Cf. Loberg v. Alford,* 372 N.W.2d 912 (N.D.1985) (imposing a constructive trust upon property errone- ously decreed in fee simple to a beneficiary when the will clearly devised only a life estate). If the District prevails in its lawsuit against F & J, Jones and Miessel are liable to the extent of corporate assets received or the value thereof if the assets have been disposed of by the shareholders. *See Carson.*

[¶ 20] We reverse the declaratory judgment holding Jones and Miessel have no personal liability to the District. We reverse and remand for entry of judgment consistent with this opinion.

[¶ 21] SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.