2004 ND 41

**Scott A. SEIBEL, Plaintiff
and Appellant,**

v.

**Michelle K. SEIBEL, Defendant
and Appellee.**

**No. 20030095.**

Supreme Court of North Dakota.

Feb. 25, 2004.

Michael A. Birrenkott, Gjesdahl & Associates, Fargo, ND, for plaintiff and appellant.

Monty G. Mertz, Mertz Law Office, Fargo, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Scott Seibel appealed from an amended judgment and order denying his

motion to change custody of his and Michelle Seibel's two children and awarding attorney's fees to Michelle Seibel. We affirm.

## I

[¶ 2]  Scott and Michelle Seibel married in December 1987 and divorced in December 1998. The couple have two children: a son born in 1988 and a daughter born in 1990. By stipulation upon divorce, Michelle Seibel was granted sole physical custody of the children. In August 2001, the children refused to return to her home after a visitation period with Scott Seibel and his new wife, Andrea. In October 2001, Scott Seibel brought a motion to change physical custody from Michelle Seibel to him, claiming there had been a material change in circumstances and modification of custody was necessary to serve the best interests of the children.

[¶ 3]  At an evidentiary hearing the court heard testimony from a custody investigator and Scott Seibel in addition to the affidavits it had already received. The custody investigator prepared a report in which she recommended "placing the children for a period of 9–12 [months] with a third party while the adults involved, work in counseling to resolve the differences that have created such a toxic living environment for [the children]." If the court decided not to adopt this recommendation, she "would support the motion for change of custody." The custody investigator based her recommendation on the fact Michelle Seibel had moved six times in less than four years, the children's stated preference to live with Scott Seibel, Michelle Seibel's inability to drive based on alcohol-related offenses, the son's concern that Michelle Seibel would begin drinking at home, and Michelle Seibel's relationship with a man who has a history of drug, alcohol, and anger issues.

[¶ 4]  The trial court denied the motion, finding Scott Seibel did not prove a material change of circumstances had occurred or that a change of custody would be in the best interests of the children. It concluded Michelle Seibel had been the primary caretaker of the children since their birth; the children's preferences were a result of their desire to end the conflict between Michelle Seibel and Scott and Andrea Seibel; and the evidence indicated the conflict revolved around communication and visitation. Additionally, the court found there was no evidence Michelle Seibel had been drinking in the children's presence, she had taken steps to maintain sobriety, she had been a smoker during the marriage but had taken steps to minimize the children's exposure to smoke, she struggled financially but always provided for the children's needs, and she had taken appropriate measures by seeking treatment for her own issues and attending school to improve her situation. It concluded "[t]he economic benefits to the children resulting from a change of custody would be negligible, compared to the disruption to them which would occur from removing them from their mother's care." The court approved the parties' stipulation to a new visitation schedule and ordered Scott Seibel to pay $500 in attorney's fees.

## II

[¶ 5]  Scott Seibel contends the trial court erred in finding there was no material change in circumstances and a change of custody would not be in the best interests of the children.

For cases decided after August 1, 1997, motions to modify custody are governed by statute. *See Hill v. Weber*, 1999 ND 74, ¶ 9, 592 N.W.2d 585. N.D.C.C. § 14–09–06.6 provides in pertinent part:

6. The court may modify a prior custody order after the two-year period following the date of entry of an order establishing custody if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

. . . .

This part of the statutory formulation essentially tracks the two-step approach previously used by this Court for deciding a change of custody case. While the best interests and welfare of the child are the sole concerns in an original custodial placement, *e.g., Dinius v. Dinius,* 1997 ND 115, ¶ 11, 564 N.W.2d 300, to modify child custody a court must consider whether there is a significant change of circumstances since the original custody decree, and if so, whether this change compels or requires the court to change custody to serve the best interests of the child. *E.g., State ex rel. Melling v. Ness,* 1999 ND 73, ¶ 27, 592 N.W.2d 565. A district court's decision to modify custody is a finding of fact subject to the clearly erroneous standard of review under N.D.R.Civ.P. 52(a). *Gietzen v. Gietzen,* 1998 ND 70, ¶ 8, 575 N.W.2d 924. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire evidence, we are left with a definite and firm conviction that a mistake has been made. *Sumra v. Sumra,* 1997 ND 62, ¶ 8, 561 N.W.2d 290.

*Holtz v. Holtz,* 1999 ND 105, ¶¶ 9–10, 595 N.W.2d 1. "A material change of circum-

stances would be important new facts that were unknown at the time of the prior custodial decree." *Kelly v. Kelly,* 2002 ND 37, ¶ 17, 640 N.W.2d 38 (footnote omitted). However, not every change in circumstances is significant enough to rise to the level required under N.D.C.C. § 14–09–06.6. *Mosbrucker v. Mosbrucker,* 1997 ND 72, ¶ 6, 562 N.W.2d 390. The party seeking a change of custody bears the burden of proving a material change in circumstances has occurred and that a change of custody would be in the children's best interests. N.D.C.C. § 14–09–06.6(8).

A.

■ [¶ 6] As an initial matter, Scott Seibel argues the trial court applied the more rigorous standard to modify custody within two years of the prior custody order under N.D.C.C. § 14–09–06.6(5) instead of the standard set forth in N.D.C.C. § 14–09–06.6(6). Under N.D.C.C. § 14–09–06.6(5),

The court may not modify a prior custody order within the two-year period following the date of entry of an order establishing custody unless the court finds the modification is necessary to serve the best interest of the child and:

a. The persistent and willful denial or interference with visitation;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The primary physical care of the child has changed to the other parent for longer than six months.

Scott Seibel's motion was brought more than two years after the prior custody order and is governed by N.D.C.C. § 14–09–06.6(6). Upon reviewing the record it is clear to us the trial court applied the standard set forth in N.D.C.C. § 14–09–06.6(6). In its Findings of Fact, Conclu-

sions of Law, and Order for Judgment, the trial court stated its decision was governed by the principles set forth in *Holtz* and quoted relevant portions of that case. In *Holtz* we delineated the standard governing child custody disputes brought more than two years after a prior order establishing custody as outlined in N.D.C.C. § 14–09–06.6(6). *Holtz*, 1999 ND 105, ¶¶ 9–10, 595 N.W.2d 1.

[¶ 7] The hearing transcript provides further evidence the trial court applied the correct standard. The trial court asked the parties' attorneys "[o]utside of two years and so it's—a material change has occurred in the circumstances of the child or the parties and modification's [sic] necessary to serve the best interest of the child. That's the test we're working with, subsection (6)?" Both attorneys responded affirmatively. The fact the trial court also stated there was no proof "that a material change of circumstances has occurred showing that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development" is a recognition that such a finding may constitute a material change of circumstances, but does not indicate the court based its decision on an incorrect standard. We conclude the trial court correctly applied N.D.C.C. § 14–09–06.6(6) in this case.

### B.

[¶ 8] Scott Seibel contends the trial court erred in finding he had not proven a material change in circumstances. Specifically, he claims the decision was clearly erroneous because the children expressed a preference to live with him; he has remarried and the children have a positive relationship with his new wife; Michelle Seibel is unable to provide stability for the children; she has a history of alcohol use; she cannot drive as a result of alcohol-related offenses; she has a relationship with a man with a history of drug, alcohol, and anger issues; and she alienates and frustrates his relationship with the children. The trial court was in the best position to determine whether these circumstances existed and whether they constituted a material change in circumstances under N.D.C.C. § 14–09–06.6(6).

[¶ 9] Scott Seibel had the burden to prove a material change in circumstances had occurred, and there was conflicting evidence at trial regarding his assertions. Based on the evidence presented, the trial court concluded no material change in circumstances had occurred since the original custody decree was entered. "That the trial court's decision did not follow the custody investigator's recommendation is not convincing evidence that the court failed to adequately consider the report or erred in exercising its judgment." *Hogan v. Hogan*, 2003 ND 105, ¶ 12, 665 N.W.2d 672. The trial court's finding there had not been a material change in circumstances was not based on an erroneous view of the law and was supported by evidence in the record. *See Krizan v. Krizan*, 1998 ND 186, ¶ 9, 585 N.W.2d 576 ("If there is reasonable evidence in the record to support the trial court's findings, we will not retry a case"). After reviewing the record, we are not left with a definite and firm conviction the trial court made a mistake, and we affirm its finding that Scott Seibel did not prove a material change in circumstances.

### C.

[¶ 10] Scott Seibel argues the trial court erred in finding he did not establish a change of custody would be in the children's best interests. In this case, we do not consider whether there was a change of circumstances requiring modification of custody in the best interests of the chil-

dren because we hold the trial court did not err in finding Scott Seibel had not proven a material change in circumstances. *See Holtz*, 1999 ND 105, ¶ 10, 595 N.W.2d 1; *Johnson v. Johnson*, 2001 ND 109, ¶ 13, 627 N.W.2d 779 ("Questions whose answers are not necessary to the determination of an appeal need not be addressed").

### III

 [¶ 11] Scott Seibel contends the trial court abused its discretion in awarding Michelle Seibel attorney's fees.

"An award of attorneys fees in litigation about marital obligations between former spouses does not depend entirely on the merits of each position, although whether one party's actions unreasonably increased the time and effort spent on the dispute can be a factor." *Pozarnsky v. Pozarnsky*, 494 N.W.2d 148, 151 (N.D.1992) .... an award of attorneys fees in a marital dispute does not ordinarily depend on lack of good faith. *Id.* at 151. Instead, the principal standards are one parent's need and the other parent's ability to pay. *Id.* " 'The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party has unreasonably increased the time spent on the case.' " *Quamme v. Bellino*, 540 N.W.2d 142, 148 (N.D. 1995) (quoting *Bakes v. Bakes*, 532 N.W.2d 666, 669 (N.D.1995)). "We will not overturn an award of attorney fees unless the appellant affirmatively establishes the trial court abused its discretion." *Id.*

*Myers v. Myers*, 1999 ND 194, ¶ 13, 601 N.W.2d 264. A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably. *Id.* at ¶ 5.

■ [¶ 12] The trial court is in a better position to consider the factors relating to the financial status of the parties and the need for and ability to pay attorney's fees. *Id.* at ¶ 14. Scott Seibel contends the trial court was not presented with evidence regarding his ability to pay or Michelle Seibel's need for attorney's fees. However, the court heard evidence that he was making over $20,000 per year and Michelle Seibel was on public assistance while attending school. From this information, the court could find an award of attorney's fees was appropriate. Therefore, we conclude it was not an abuse of discretion to award Michelle Seibel partial reimbursement for attorney's fees spent defending the motion.

[¶ 13] For the reasons stated, we affirm the order and amended judgment of the trial court.

[¶ 14] CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.